NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000561
12-MAY-2014
07:55 AM**

NO. CAAP-11-0000561

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK NATIONAL ASSOCIATION, TRUSTEE, Plaintiff-Appellee,
v.
MARIO RIMARIM, Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0014K)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Mario Rimarim (Rimarim) appeals from the "Order Denying Defendant Mario Rimarim's Motion To Set Aside Default And Summary Judgment Filed April 29, 2011" (Order Denying 60(b) Motion), filed on July 7, 2011, by the Circuit Court of the Third Circuit (circuit court).[1]

On appeal, Rimarim raises the following points of error: (1) the complaint by Plaintiff-Appellee U.S. Bank National Association, Trustee (U.S. Bank) was dismissed with prejudice and was not set aside in a timely manner; and (2) the circuit court erred in not setting aside an entry of default against Rimarim and summary judgment against Rimarim because of "excusable

---

[1] The Honorable Ronald Ibarra presided.

neglect on the part of Rimarim, the existence of meritorious defenses, and the lack of prejudice [to U.S. Bank] to have to litigate on the merits."

Rimarim's Opening Brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 for a variety of reasons, including that: the citations to the record appear incorrect in many instances such that they do not support the assertions made;[2] the brief fails to provide any record citation in support of certain asserted facts; and with regard to his points of error, Rimarim fails to state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." HRAP Rule 28(b)(3) and (4)(iii).[3] Notwithstanding these violations, given this court's policy of seeking to address appeals on their merits, we have attempted to address the points raised by Rimarim to the extent possible.

Upon careful review of the record and the opening brief submitted by Rimarim[4] and having given due consideration to the arguments advanced and the issues raised, as well as the relevant authorities, we resolve Rimarim's points of error as follows and affirm.

I. Procedural Background

U.S. Bank filed the Complaint on January 19, 2007, seeking foreclosure and recovery under a promissory note executed by Rimarim. On November 27, 2007, the circuit court issued an "Order of Dismissal Pursuant to Rule 29 of the Rules of the

---

[2] The opening brief appears to reference the circuit court's index numbers for certain documents, which is not an appropriate manner in which to cite to the record on appeal.

[3] An order to show cause will be issued separately to Rimarim's counsel.

[4] U.S. Bank failed to file an answering brief and we denied its request to set aside its default of the answering brief. Nonetheless, the burden is on Rimarim as the appellant to establish his right to relief on appeal. Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 309 n.21, 172 P.3d 1021, 1053 n.21 (2007); Costa v. Sunn, 5 Haw. App. 419, 430, 697 P.2d 43, 50-51 (1985).

Circuit Court", purporting to dismiss the action with prejudice for want of prosecution, but providing that the dismissal could be set aside for good cause shown upon motion within ten days. More than ten days later, on January 30, 2008, and pursuant to Hawaii Rules of Civil Procedure (HRCP) Rule 60(b), U.S. Bank filed a motion to set aside the order of dismissal. According to a notice of hearing and certificate of service, Rimarim was served with this motion. On May 16, 2008, the circuit court granted U.S. Bank's motion to set aside the dismissal order.

On May 21, 2008, the circuit court clerk entered default against Rimarim for failure to answer the complaint or to appear in the case. However, judgment was not entered against Rimarim based on the default. Rather, U.S. Bank thereafter filed a motion for summary judgment and decree of foreclosure on June 4, 2008, which the record reflects was served on Rimarim.

On August 7, 2008, the circuit court issued an order granting summary judgment and a decree of foreclosure to U.S. Bank. On the same date, the circuit court entered judgment pursuant to its summary judgment ruling and decree of foreclosure.

On September 28, 2009, the circuit court entered an order confirming the sale of the foreclosed property and also entered a judgment on the order confirming the sale of the foreclosed property.

Pursuant to Hawaii Revised Statutes (HRS) § 667-51 (2013 Supp.),[5] Rimarim could have appealed from the judgment on

---

[5] HRS § 667-51 states:

> [§667-51] **Appeals.** (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:
>
> (1)  A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the

(continued...)

3

the decree of foreclosure filed on August 7, 2008, or from the judgment on the order confirming sale of the foreclosed property filed on September 28, 2009. Rimarim did not appeal from either judgment.

Rather, on April 29, 2011, Rimarim filed a motion to set aside the entry of default against him, as well as the summary judgment and decree of foreclosure entered by the circuit court on August 7, 2008 in favor of U.S. Bank. This motion was filed more than two and a half years after the August 7, 2008 judgment on the decree of foreclosure had been entered, and was brought pursuant to HRCP Rule 60(b).

On July 7, 2011, the circuit court entered the Order Denying 60(b) Motion. On July 22, 2011, Rimarim filed the instant appeal from the Order Denying 60(b) Motion.

II. Rimarim's Appeal From the Order Denying 60(b) Motion

In his opening brief, Rimarim's first point of error and his entire argument section are asserted as if he had directly appealed from the judgment on the decree of foreclosure entered on August 7, 2008 (which appeal would have included the setting aside of the dismissal and the entry of default against

---

5(...continued)
deficiency judgment also shall be deemed final and appealable;

 (2) A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and

 (3) A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

 (b) An appeal shall be taken in the manner and within the time provided by the rules of court.

Rimarim as interlocutory orders to the judgment). This is not the case. As noted, Rimarim did not appeal from the circuit court's judgment entered on August 7, 2008, but rather, he appealed only from the much later Order Denying 60(b) Motion. Therefore, we only have jurisdiction to review the circuit court's rulings relating to the Order Denying 60(b) Motion. The opening brief fails to present any argument why the circuit court erred in denying Rimarim's HRCP Rule 60(b) motion, including under which specific subsection of HRCP Rule 60(b) the circuit court should have granted relief. Thus, Rimarim's arguments pursuant to HRCP Rule 60(b), the only basis for his appeal, have been waived. HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded[.]"); HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

Even if we consider Rimarim's arguments made in his April 29, 2011 motion before the circuit court, the relief he sought therein pursuant to HRCP Rule 60(b)(1), (4) and (6) was properly denied.

To seek relief under Rule 60(b)(1), a motion must be filed within one year of the judgment or order from which relief is sought. See Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 194-95, 268 P.3d 443, 447-48 (App. 2011). Rimarim's April 29, 2011 motion was filed more than one year after the August 7, 2008 judgment and decree of foreclosure from which he sought relief.

A request for relief under Rule 60(b)(4) need not be brought within a year, but Rimarim was required to show that the judgment and decree of foreclosure was void. 126 Hawai'i at 195, P.3d at 448. In turn, "[a] judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Id. (quoting In re Genesys Data Techs., Inc., 95 Hawai'i 33, 38, 18 P.3d 895, 900 (2001)). Rimarim made no argument or showing to establish that the August 7, 2008 judgment and decree of foreclosure were void.

5

Finally, to the extent that Rimarim sought relief under Rule 60(b)(6), he was required to show "that (1) the motion is based on some reason other than those specifically stated in clauses 60(b)(1) through (5); (2) there are exceptional circumstances justifying relief; and (3) the motion is made within a reasonable time." Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 149, 254 P.3d 439, 460 (2011) (citing Hayashi v. Hayashi, 4 Haw. App. 286, 290, 666 P.2d 171, 174-75 (1983)) (internal quotation marks and brackets omitted). Rimarim failed to make a showing entitling him to relief under Rule 60(b)(6).

Although we do not necessarily agree with the reasoning relied upon by the circuit court in its Order Denying 60(b) Motion, which did not focus on Rule 60(b) criteria, the circuit court nonetheless properly denied Rimarim's Rule 60(b) motion. See Kiehm v. Adams, 109 Hawai'i 296, 301, 126 P.3d 339, 344 (2005) (stating that "the appellate court may affirm a lower court's decision on any ground in the record supporting affirmance, even if not cited by the lower court.").

### III. Conclusion

Based on the foregoing, the Order Denying Defendant Mario Rimarim's Motion To Set Aside Default And Summary Judgment entered by the Circuit Court of the Third Circuit on July 7, 2011 is affirmed.

DATED: Honolulu, Hawai'i, May 12, 2014.

On the briefs:

Robin R. Horner
(RRH & Associates, AALC)
for Defendant-Appellant

Presiding Judge

Associate Judge

Associate Judge

6